OPINION of the Couit, by
Ch. J. Boyle.
This was an action of slander. The defendant in the action demurred to the declaration ; the demurrer was overruled, a writ of inquiry awarded and a verdict found for the plaintiff for one cent in damages. The court, on the motion of the plaintdf, set aside the verdict and awarded a new writ of inquiry, on the ground'of the smallness of the damages only. The jury on the next trial assessed the damages to fifty dollars, for which the court gave judgment; to reverse which this writ of error is prosecuted.
The only question which merits any consideration, is, whether the court below erred m setting aside the first verdict and awarding a new writ of inquiry.
It is an invariable rule never to grant a new trial for the smallness of the damages, in an action founded upon tort apd sounding merely in damages—Hayward vs. Newton, 2 Stra. 940—Barker vs. Dennie, ibid 1051—Sayer on Damages 197, and the case there cited.
The same rule prevails with respect to awarding a new writ of inquiry — Tidd’s Practice 523, Sayer on Damages 203.
I'his rule does not apply to actions upon contract; nor is it applicable to cases of tort, where the verdicthas been the result of any contri vance by the defendant, or surprise on the plaintiff, or the partiality or misconduct of the jury. But in these cases the new trial is granted or the writ of inquiry awarded on account of the extrinsic cause which produced,the smallness of the damages, and not on account of the smallness of the damages alone, as was done in the present case.
The arguments of the counsel for the defendant in error, which admit the existence of the rule but tend to prove its inexpediency or injustice, cannot be entitled *35 to weight. We have no authority to change or alter the established rules of law. Our functions are judicial, not legislative. We set here to declare what the law is, and not what it ought to be.
We are therefore of opinion that the court below erred in setting aside the first verdict and awarding a new writ of inquiry.
Judgment reversed, and cause remanded for judgment to be entéred on the first verdict.