## Ashland Coca Cola Bottling Company et al. v. Brady.

**(Decided Nov. 9, 1933.)**

184

FRANK C. MALIN and WOODS, STEWART, NICKELL & SMOOT for appellants.

JOHN T. DIEDERICH and BROWNING & DAVIS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

As is related in the opinion styled Ashland Coca Cola Bottling Company v. Ellison and Neekamp, 252 Ky. 172, 64 S. W. (2d) —, delivered today, upon a joint trial with those cases a verdict for $42.50 was returned in favor of J. P. Brady, who was injured in the same automobile accident. Upon his motion that verdict was set aside and a new trial granted. It resulted in a verdict for $650 and judgment was rendered thereon. An appeal is brought from that judgment and also from the order overruling the defendants motion to substitute the first verdict for the last one. The judgment must be affirmed for the reasons given in the other opinion unless the trial court erred in setting aside the first verdict.

The amount of that verdict, $42.50, is the exact sum expended by Brady for surgical and hospital services. He was not seriously injured, but suffered comparatively slight cuts and bruises and some nervous shock, which confined him to the hospital for two days and kept him away from his law office for a week. Mr.

Brady did not ask a recovery for lost time but claimed $1,200 for expenses incurred, pain and suffering experienced, and permanent injuries sustained. The evidence did not establish any permanent injury, but it proved mental and physical suffering beyond question. The appellants are arguing that the trial court set aside the first verdict because of the smallness of damages allowed, contrary to the terms of section 341, Civil Code of Practice, which expressly declare that a new trial shall not be granted on that account in an action for personal injuries or in any other action where the damages equal the actual pecuniary loss sustained. The grounds upon which the plaintiff's motion rested were not only inadequacy in damages allowed, but as well the failure to award any damages on account of pain and suffering, and loss of time, alleged to be contrary to the law and the evidence, and because the verdict was flagrantly against the evidence. The record is silent as to the ground upon which the court granted the new trial. There must be left out of consideration the matter of lost time because nothing was claimed in the petition on that account. The verdict did not recite what the $42.50 covered, but obviously it was only for the pecuniary expenditures, so nothing was found for the element of pain and suffering. The question before us is solely whether sustaining the motion for a new trial upon either of the other grounds is within the prohibition of section 341 of the Code, or is within the authority of section 340, permitting a new trial upon the ground that the verdict is contrary to the evidence or law.

The rule of denying a new trial for smallness of damages in an action founded upon tort and sounding merely in damages was enforced by this court as early as 1813 in Colyer v. Huff, 6 Ky. (3 Bibb) 34, which was before the adoption of the Code of Practice. It is interesting to note that even then the injustice of the rule was expressly recognized, as was also the absence of any authority in the court to change or alter the established rule of law; its duty being to declare what the law is and not what it ought to be. After the rule had become embodied in the Code with its present degree of ambiguity as to the application to personal injury cases of the provision allowing a new trial "in any other action in which the damages equal the actual

pecuniary injury sustained," the first case was Taylor v. Howser, 75 Ky. (12 Bush) 465. It was therein held that the exception of the restriction to the extent indicated was applicable to personal injury cases in respect to actual pecuniary damages. Said the court:

> "These damages can be measured; and where the action of the jury is such as to demonstrate that as to these damages the proof was disregarded, and the law of the case, as embodied in the instructions of the court, disobeyed, then a new trial may and ought to be granted."

Under the influence of an appreciation that the restraint placed upon the courts by the Legislature long years ago often resulted in gross injustice, and with a sense of duty to minimize its effect as far as judicial discretion would permit, the court throughout many decisions has given liberal construction to the terms of the statute in order to avoid injustice. Thus, in several cases, errors made during the course of the trial have been held to be prejudicial because of the smallness of the verdict when otherwise they would not have been so regarded. Coupled with the appreciation of the flagrant injustice resulting from this restriction upon the judiciary is the further sense of inequality in the administration of justice which arises from the fact that the very next preceding section of the Code (section 340) specifically authorizes a new trial upon the ground of excessive damages. The court in applying the provisions of section 340 for the first time to a personal injury case, in Louisville & N. Railroad Company v. Fox, 74 Ky. (11 Bush) 495, 516, recognized the importance of the power and that it was bound by the weightiest considerations of duty to direct a new trial when the verdict seemed excessive; saying, further:

> "To refuse to do so is to abandon the defendant to the arbitrary will of the jury. The supervising control of the courts, both of original and appellate jurisdiction, is, in this country, an integral part of the jury system, and as indispensable to the right administration of justice as the panel of twelve men."

The foregoing narrative is by way of approach to the specific question, whether the trial court was forbidden by section 341 to grant a new trial where the alle-

gation and undisputed proof were that the plaintiff endured pain and suffering by reason of the wrong which the jury found the defendant had inflicted upon him and the jury allowed him nothing therefor. The considerations indicated—the reason behind section 341 and the attitude of the court in respect to its construction and application—demand that it be held otherwise. The verdict should be regarded as contrary to the law and the evidence if it can be done without doing judicial violence to the statute.

The right to recover of a wrongdoer compensation or allowance looking toward recompense for pain and suffering caused by him has been everywhere recognized as a fundamental and cardinal principle of law, because it is naturally connected with all physical injuries and must be considered as a direct and proximate result. The law aims to afford full redress, and the best it can do is to allow the sufferer to obtain monetary recovery. The difficulty in making the estimate of damages affords no good reason for failing to make it. As is further said in Warfield Natural Gas Company v. Wright, 246 Ky. 208, 54 S. W. (2d) 666, 671:

> "If compensation be omitted for these elements or either of them, it is not full compensation."

The reason for the restriction imposed by section 341 is a cogent consideration. It is only the speculative damages for which there is no criterion or measurement, and those damages which are of such a nature as necessity and established practice leaves to the jury to evaluate, that are intended to be covered by Code limitation. Taylor v. Howser, supra. So it is not only the language of the law but the reason for it that makes it inapplicable in the matter of actual pecuniary damages. They can be measured with exact or a close degree of accuracy. As said in Rossi v. Jewell Jellico Coal Company, 157 Ky. 332, 163 S. W. 220, 221:

> "In such cases, if the jury disregards the evidence and the law, and finds for the plaintiff a sum wholly insufficient to compensate him for the special damages actually alleged and proved, a new trial should be granted."

We have several cases enforcing that law as to special damages. The cases applying the statute where there

was some allowance for general damages are reviewed in Drury v. Franke, 247 Ky. 758, 57 S. W. (2d) 969.

The conclusion is inescapable that where there is no verdict for the plaintiff for damages recognized as recoverable in some amount, there is nothing but a finding for the defendant, although it be not specifically expressed. It is not a case of smallness of damages but of no damages, notwithstanding the finding by the jury that the plaintiff was injured by the wrongdoing of the defendant. Such conclusion is supported by many foreign cases holding that a nominal verdict for the plaintiff, when the evidence showed him entitled to a substantial sum or nothing, will be regarded as a verdict for the defendant. In Ray v. Jeffries, 86 Ky. 367, 5 S. W. 867, 9 Ky. Law Rep. 602, the plaintiff recovered a verdict for one cent in an action for damages. Said the court:

> "The injury received by appellant was a severe and permanent one, and the damages actually proved were capable of being measured, and the verdict should have been set aside, and a new trial granted, if he was entitled to recover at all."

The court found that the plaintiff was not entitled to recover and the judgment was affirmed. In Baries v. Louisville Electric Light Company, 118 Ky. 830, 80 S. W. 814, 85 S. W. 1186, 25 Ky. Law Rep. 2303, 27 Ky. Law Rep. 653, the plaintiff had suffered the practical loss of his arm by having come in contact with a live wire. The verdict was in his favor for one cent. In determining that the plaintiff was prejudiced by the admission of improper evidence, the court considered its effect the same as if the verdict had been for the defendant, and the judgment was reversed on that account.

The conclusion of the whole matter is that in finding in the same trial substantial damages for the other two men who were injured in the same accident and awarding a recovery of the exact pecuniary damages of the appellee Brady, the jury necessarily found that the defendants were negligent and responsible for all damages sustained, yet ignored the undisputed and conclusive evidence that Brady had endured pain and suffering caused by the same wrong. It is not capable of explanation. The verdict as to Brady must be regarded

as severable and as having awarded nothing for the damages conclusively established. It was the duty of the jury under the law to find something on this account after having found the defendants negligent and the plaintiff injured. It could not disregard the evidence and the law. Faulkner v. Hall, 150 Ky. 416, 150 S. W. 506; City of Madisonville v. Nisbit, 239 Ky. 366, 39 S. W. (2d) 690.

The trial court was therefore authorized to set aside the verdict as being contrary to the law and the evidence, although he could not have done so had there been a verdict and it was merely inadequate. Drury v. Franke, supra. We cannot assume that it was done upon this last ground, since the other grounds were relied on to obtain a new trial and the record is silent as to the court's reason for his ruling. Gnau v. Ackerman, 166 Ky. 258, 179 S. W. 217.

Since it is concluded that that action was not erroneous, it of course follows the overruling of the motion to substitute the first verdict for the last one and enter judgment thereon was proper. The opinion in the Ellison and Neekamp Cases decides all other points.

Wherefore the judgment is affirmed.

Whole court sitting.