Buford **TAYLOR**, Appellant,

v.

H. C. **RAWLS** et al., Appellees.

Court of Appeals of Kentucky.

Nov. 5, 1954.

Rehearing Denied Jan. 21, 1955.

Keith & Breathitt, Hopkinsville, for appellant.

J. O. Hardin, James P. Hanratty, Hopkinsville, J. Charles Fleming, Hopkinsville, for appellees.

COMBS, Justice.

The judgment is for $1150 for damages to and loss of use of plaintiff's automobile which was struck by another automobile while it was parked on the street.

The only question raised on the appeal is whether the pleading and proof are sufficient to warrant a judgment against appellant under the Family Purpose Doctrine.

It is not alleged in the petition that defendant's automobile was being operated

by him at the time of the accident. The only allegation on this point is that the vehicle was being operated by "a member of defendant's family." The sufficiency of the petition was raised by general demurrer and the demurrer was overruled.

Upon the trial of the case there was almost a complete lack of testimony on the question of ownership of the automobile, the purpose for which it was bought and maintained, and the purpose for which it was being used at the time of the accident. We quote the relevant testimony on these issues:

(Testimony of Plaintiff, H. C. Rawls)

"Q. Who was in the car that ran into your car? A. Mrs. * * * lady runs this bakers, and her daughter.

"Q. Mrs. Buford Taylor? A. Yes, * * *.

"Q. After the accident, did you have any conversation with Mrs. Taylor? A. Yes, Mrs. Taylor came to my office and her agent came once, or maybe twice, I don't know. She came to my office one time.

"Q. What was her conversation to you? A. She was very sorry that she hit the car and she was sure that she had insurance to take care of it.

*      *      *      *      *      *

"Q. From which direction did the car of Mrs. Taylor come? A. Mrs. Taylor?

"Q. Mr. Buford Taylor owned the car. A. It came up Ninth Street and took a little too much space to make that turn going south on Virginia and made a wide swing and instead of straightening up just wound across the street and hit my car."

Although the Family Purpose Doctrine, as applied to automobiles, is a recognized exception to the general rule of tort liability in this state, it is just as well established that in order to recover under that theory it is necessary for the plaintiff to show: (1) that the automobile was owned or controlled by the defendant; (2) that the automobile was maintained by the defendant for the use and benefit of members of his family; (3) that the vehicle was being used at the time of the accident by a person whom the defendant was under a legal or moral obligation to support; and (4) that the person using the vehicle was doing so pursuant to a family purpose. Commonwealth of Kentucky, for Use and Benefit of Kern v. Maryland Casualty Co., 6 Cir., 112 F.2d 352; Euster v. Vogel, 227 Ky. 735, 13 S.W.2d 1028; Ludwig v. Johnson, 243 Ky. 533, 534, 49 S.W.2d 347; Malcolm v. Nunn, 226 Ky. 275, 10 S.W.2d 817.

It is apparent that neither the pleading nor the proof is sufficient to support a judgment against the appellant Taylor, whom we presume is the owner of the car in question, although even that fact is not established except by the inferential statement of plaintiff's counsel in the interrogation of his client.

We note that the case of Knight v. Rawls, involving the repair bill on Rawls' car, was consolidated with this case for the purpose of trial and that there is no appeal from the judgment in that case. Our opinion in this case, of course, does not affect the judgment in the other case except as to the lien which was adjudged in favor of Knight against the proceeds payable under the judgment in this case.

The judgment is reversed for proceedings consistent with this opinion.