Wayne GIBSON et al., Appellants,

v.

C. E. THOMAS et al., Appellees.

Court of Appeals of Kentucky.

Dec. 5, 1957.

Leonard S. Stephens, Whitley City, for appellants.

Glenn H. Stephens, Williamsburg, for appellees.

MOREMEN, Chief Justice.

Appellants, Wayne Gibson and Hazel Gibson, his wife, were involved in an accident when a truck which was owned by appellee, C. E. Thomas, and operated by Charles Thomas, collided with an automobile being driven by appellant in which his wife was a passenger.

Appellants brought suit for damages, and, upon trial, at the completion of the introduction of all the evidence, the court instructed the jury under general instructions as to the duties of the various parties and

then added interrogatories as to specific items of damage in the event the jury found for the appellants.

The interrogatories, together with the answers given in the jury verdict, read:

"(1). What sum, if any, do you award Wayne Gibson for damages to his truck? A. $100.00.

"(2). What sum, if any, do you award the plaintiff Wayne Gibson for loss of wages? A. $800.00.

"(3). What sum, if any, do you award him for physical pain and suffering? A. Nothing.

"(4). What sum, if any, do you award him for physicians' bills and expenses? A. $94.00.

"(5). What sum do you award him for expenses for domestic help, if any? A. $21.00.

"(6). What sum, if any, do you find for the loss of his wife's society and consortium? A. Nothing.

"(7). What sum, if any, do you find for the plaintiff, Hazel Gibson, for her physical pain and suffering? A. Nothing."

We have held in a number of cases that where a verdict is materially inconsistent or incongruous, it should be set aside and a new trial granted. In a number of cases where it was shown that personal injuries had been received, the award should have included compensation for resulting pain and suffering. Smith v. Webber, Ky., 282 S.W.2d 346; Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272; Biggs v. Toone, Ky., 244 S.W.2d 443.

The verdict in this case is clearly inconsistent, and we would be compelled to reverse the judgment if the record did not show the following:

"At the conclusion of all the evidence offered, the Court gave to the jury the same instructions and interrogatories given on the former trial of this case, which instructions and interrogatories had been offered on motion of the attorney for the plaintiffs, and the Court, having once accepted the instructions and interrogatories offered by plaintiffs' attorney, adopted the same for this trial of the case."

It is plain, therefore, that appellants, themselves, offered instructions which invited the error. In the instructions as offered and given by the court, the reiterated use of the words, "if any," under each item, is certain to have led the jury to believe that it had the right to grant or to deny an award under each subject submitted.

We have often held that a party is estopped from complaining of an error which he invited. Junius H. Stone Corporation v. Princeton Ice & Storage Co., 212 Ky. 404, 279 S.W. 642; Wathen v. Mackey, 300 Ky. 115, 187 S.W.2d 1000; and Stanley's Instructions to Juries, § 38, wherein it is written:

"The rule of appellate procedure that a party is estopped from complaining of errors committed or invited by himself applies to the instructions. A party can not complain of an instruction given in the exact, or substantially the same language of an instruction asked for by him, or if it is to the same effect. Nor can he question instructions which were prepared or requested by him, since he invited the error. This is so even though he excepted to the giving of it."

We are of opinion, therefore, that we have no alternative other than to affirm the judgment.