Carolyn M. RICE, Adm'x of the Estate of Glynellen Parrish, Deceased, Appellant,

v.

Alford BLANCHARD, Appellee
(Case No. I).

Carolyn M. RICE, Adm'x of the Estate of Glynellen Parrish, Deceased, Appellant,

v.

Irvin H. ISAACS, Appellee.

(Case No. 2).

Court of Appeals of Kentucky.

Feb. 21, 1958.

Blakey Helm, Louisville, for appellant.

Edwin A. Rausch, Louisville, for appellee Alford Blanchard.

Davis M. Howerton, Jr., S. Lloyd Cardwell, Stites, Wood, Helm & Peabody, Louisville, for appellee Irvin Isaacs.

CAMMACK, Judge.

These actions were instituted by Carolyn M. Rice, mother and administratrix of the estate of Glynellen Parrish, deceased, against the appellees, Irvin H. Isaacs and Alford Blanchard; also against Riley Dee Westerfield and Elbert Blanchard. Mrs. Rice sought damages for alleged negli-

gence which resulted in her daughter's death. The appeal in Case No. 1 is from a summary judgment entered for Alford Blanchard. The appeal in Case No. 2 is from a judgment on a directed verdict given for Isaacs at the conclusion of the evidence.

The appellant contends that the judgments should be reversed because (1) Alford Blanchard is liable under the family purpose doctrine; and (2) Isaacs' failure to exercise proper control of his car when collision conditions developed ahead of him required submission of the action against him to the jury.

The three car collision in which Mrs. Parrish lost her life occurred at the intersection of First and Jacob Streets, in Louisville. First Street is a one-way through street going south at the Jacob Street intersection. Mrs. Parrish was traveling south on First Street in a car driven by Mr. Webb. The Webb car was traveling about 25 miles per hour (within the speed limit) and had just passed a car being driven by Isaacs at a speed of about 20 miles per hour in the adjacent west lane. When the Webb car entered the intersection at Jacob Street it was struck by a car driven by Westerfield, who·had failed to observe the stop sign at the intersection. The impact pushed the Webb car into the path of the Isaacs car which struck the Webb car's right rear bumper. This second impact caused the door to fly open on the passenger side of the Webb car. Mrs. Parrish was thrown out and under or into the path of the Isaacs car which ran over her. Death resulted from her extensive injuries three days after they were sustained.

Westerfield was driving a car herein referred to as the Blanchard car. This car was purchased by Elbert Blanchard, who was asleep on the back seat at the time of the accident. Elbert selected the car, furnished the money for the down payment, and kept up the payments, but it was registered in the name of his brother, Alford, the appellee in Case No. 1. At the time of purchase Elbert was 18 years of age, so Alford agreed to have the car registered and mortgaged in his name. Elbert was employed and he paid $10 a week board to Alford, with whom he lived. Alford had a car of his own and did not attempt to control or use the car purchased by Elbert—the one involved in the collision.

The appellant argues that Kentucky has adopted and extended the family purpose doctrine, and that it applies against one who has assumed a position in loco parentis. She relies upon the case of Rutherford v. Smith, 284 Ky. 592, 145 S. V.2d 533, where we held a grandmother, who stood in loco parentis, liable for her grandson's negligent operation of an automobile. In that case it was shown that the grandmother owned and maintained the car for family use, furnished at least the major part of the grandson's living expenses and, in addition, gave him an allowance. We found that those facts were sufficient to warrant the application of the family purpose doctrine.

In his memorandum opinion the trial judge pointed out that under the case of Taylor v. Rawls, Ky., 274 S.W.2d 50, four factors must be established to recover under the family purpose doctrine. They are: (1) The automobile was owned or controlled by the defendant; (2) the automobile was maintained by the defendant for the use and benefit of members of his family; (3) the vehicle was being used at the time of the accident by a person whom the defendant was under a legal or moral obligation to support; and (4) the person using the vehicle was doing so pursuant to a family purpose. The trial judge properly held that the facts of this case fail to satisfy at the least factors (2) and (3) set forth in the Taylor Case. There was no material issue of fact and it follows that Alford Blanchard was entitled to a judgment as a matter of law. The summary judgment was entered properly. Clay, CR 56.03, page 502.

The appellant argues that Isaacs' testimony shows that he did not take any precautionary steps to avoid a collision even though he saw the lights of the Blanchard car and realized that a collision might ensue. It is argued that the law requires a driver who sees and anticipates a danger to have full control of his car. The proof shows that Isaacs was traveling at a reasonable and legal rate of speed and was keeping a lookout ahead. There was no reason for a man of ordinary prudence to anticipate that Westerfield would not stop for the boulevard, and by not doing so bring about the unfortunate accident. Isaacs was confronted with an emergency situation and there was no evidence of probative value to show that his actions, or his failure to act, caused or contributed to the injuries sustained by Mrs. Parrish. It was proper for the trial judge to direct a verdict for Isaacs. Pennington's Adm'r v. Pure Milk Co., 279 Ky. 235, 130 S.W. 2d 24.

Judgment affirmed.