Brenda WRIGHT, an Infant, Who Sues by
Her Mother and Next Friend, Marie
Wright, Appellant,

v.

Roosevelt JACKSON, Appellee.

Court of Appeals of Kentucky.

Dec. 4, 1959.

F. Dale Burke, Pikeville, for appellant.

Baird & Hays, Pikeville, for appellee.

STEWART, Judge.

In this action for personal injuries, Brenda Wright, an infant suing by her mother and next friend, Marie Wright, appeals from a judgment of $202 rendered in her favor against Roosevelt Jackson.

The first ground urged for reversal is that Jackson was under a duty to sound his horn and that the trial court erred in failing to so instruct the jury. It is next maintained the verdict of the jury was in disregard of the proof offered and the instructions given. This last contention requires a short recital of the pertinent facts.

On August 20, 1955, appellant Brenda Wright, a seven-year-old child, was sent by her mother on an errand to a store located on the opposite or east side of U. S. Highway 23 from the home of appellant. This store is situated some distance from the Wright residence. On her return, the child walked along the shoulder of the east side of the highway in a southerly direction. At a point nearly opposite her home, she stopped, waited for an approaching northbound vehicle to pass, and then started to make a dash across the highway. In her progress she crossed the east lane of the highway and ran into the left rear

side of appellee's car, which was moving in the west lane in a southerly direction at a speed of 20 to 25 miles per hour. She was knocked to the side of the road. Appellee stopped and offered aid. Appellant was taken to a hospital where her injuries were found to be a blood clot behind her right ear and severe bruises to her left knee. She has now recovered and is back in school. She plays with other children but, on occasions, her knee, known as a "trick knee", pops out of socket.

According to the record, a motorist driving south on U. S. Highway 23 has an unobstructed view for at least 750 feet from the place of the accident. It was shown that appellee, however, was trailing another car and a second car was coming toward him from the opposite direction at the time of the mishap. He testified that, almost immediately after the northbound vehicle passed him, appellant suddenly appeared on the highway and ran into his car. He said he had not previously seen her, as his vision was blocked by oncoming traffic. He also indicated, before she crossed the highway, appellant stood in a depression in a dirt side road that hid her from one traveling as he was on the highway. Appellee did not sound his horn but, as soon as he saw appellant running toward his car, he swerved to try to avoid her. Appellant testified she neither saw nor heard appellee's car and that she "must have been thinking of something else".

■ There is no merit in appellant's first complaint, namely, that the lower court should have told the jury appellee was under a duty to warn of his approach by sounding his horn. The jury found appellee liable; therefore, it becomes unnecessary to consider any ground other than those submitted to the jury in respect to appellee's alleged negligence. Since we are not reversing the judgment, the horn question can have no bearing on this appeal.

Appellant next contends the verdict of the jury was inconsistent when considered in connection with the evidence introduced in her behalf and when viewed as to certain items of damages the jury should have determined. The instruction as to damages allowed the jury to "fairly and reasonably compensate her for her mental anguish and physical suffering which she has endured and may in the future endure, by reason of any injury she may have received, *if any*, and the permanent reduction of her power to earn money after reaching the age of 21, *if any*, in any amount not to exceed the sum of $10,000.-00." Additionally, the jury was told, if they found for appellant, they could compensate her for her medical expenses incurred, not to exceed the sum of $202. Appellant tendered this instruction and it was submitted without objection by the trial judge.

As noted heretofore, the jury returned a verdict in the sum of $202; and, although this figure was not qualified in any way, it is claimed this amount represented only the money expended by appellant for medical expenses. Appellant presses the point that, if this verdict is upheld, she will receive nothing for either pain and suffering nor for any permanent impairment of her power to earn money, despite the uncontradicted evidence that she endured pain and suffering and that she has sustained a permanent impairment of the functioning of her knee.

■ Ordinarily, in a case such as the one we are now considering, the jury would be required to make some award for pain and suffering and for loss of earnings. See Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272; Schriewer v. Schworer, 296 Ky. 749, 178 S.W.2d 598; Ashland Coca Cola Bottling Co. v. Brady, 252 Ky. 183, 66 S.W.2d 57. However, we have held that any inconsistency in the verdict will not require a reversal where a plaintiff, as was done here, had offered an instruction which invited the error complained of afterwards. In the instruction as to damages, tendered in this case and

given by the lower court, the reiterated use of the phrase "if any" appears after each item of damages in question. Thus the jury was led to believe it had the right to grant or to deny an award under each of these subjects. See Gibson v. Thomas, Ky., 307 S.W.2d 779.

 We have often held that a party is estopped to take advantage of an error produced by his own act. Wathen v. Mackey, 300 Ky. 115, 187 S.W.2d 1000. Stanley in his Kentucky Instruction to Juries, sec. 38, p. 64, states that this same principle of law applies to any instruction submitted to a jury.

We are of the opinion that no reversible error appears in the record before us.

Wherefore, the judgment is affirmed.