**Ethel ROBINSON et al., Appellants,**

**v.**

**Henry LUNSFORD, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1959.

Milton J. Luker, Charles R. Luker, Jr., London, for appellants.

Roy W. House, Manchester, David G. Colson, London, for appellee.

CULLEN, Commissioner.

Henry Lunsford, age 72, was riding his mule along a country highway, on a morning in March, on his way to the local postoffice, which was located in a country store on the east side of the highway. He rode along the highway on the west edge or shoulder, heading south, until he reached a point opposite the postoffice. He turned across the road towards the postoffice and when he had reached a point near the east edge of the road the mule was struck by an automobile also headed south. Lunsford was thrown to the ground and his leg was broken, and the mule was killed. Lunsford brought action for damages against Blevins Doyle, the driver of the car, and Ethel Robinson, the owner. The jury returned a verdict of $12,000 damages, and Doyle and Mrs. Robinson have appealed from the judgment entered upon the verdict.

■ The appellants first maintain that their motions for a directed verdict should have been sustained because there was insufficient proof of negligence on the part of Doyle. We see no useful purpose in detailing all the evidence. A conclusion of excessive speed could be reached from the evidence that the car skidded for 71 feet, and from the testimony of the plaintiff that he looked before he started across the road and saw no car coming within the 500 foot range of his vision to the north. If, as appears probable from the evidence, Lunsford *angled* across the road towards the postoffice, it would have been possible for an automobile traveling at 60 or 70 miles per hour to go 500 feet while the mule was going from the shoulder on the west side of the road to a point near the east edge of the road. The evidence also would warrant a conclusion that Doyle did not have his car under proper control or was not keeping a proper lookout, in that he could have avoided the accident had he stayed on his right side of the road. Furthermore, Doyle had a special duty of care, under KRS 189.310(3), in approaching a traveler on muleback. We think the evidence presented a jury question as to negligence.

■ It is next contended that the damages are excessive. There was ample proof of special damages, for medical and hospital expenses and for loss of the mule, in the amount of approximately $1,800. This leaves $10,200 as the award for pain and suffering and for impairment of earning power, which the appellants claim is excessive. Lunsford's testimony as to his earning power, immediately before the accident, in his occupation as a stone mason and carpenter, was limited to the statement that when he worked by the hour he earned $1.50 per hour, but he also did work by contract and "lots of days" he made $30 a day. In the absence of more specific evidence as to actual gross earnings during a significant period of time immediately preceding the accident, it would be difficult to uphold any substantial award for impairment of earning power. But there was evidence here of severe pain and suffering from the broken leg. In Marcum v. Hedger, Ky., 303 S.W.2d 558, this court found not to be excessive an award of $9,000 for pain and suffering from a leg break very similar to the one here. So, even if we minimize the amount allowable here for impairment of earning power, we cannot say that the combined award for this and for pain and suffering is excessive.

■ A further question arises with respect to a display of emotion by the plaintiff during the trial, and the action taken by the court upon a motion made by the defendants to discharge the jury because of the alleged prejudicial effect of the display. During his testimony the plaintiff commenced to weep, and after being helped from the stand he stood by his counsel's table and continued to weep for a time. The defendants thereupon moved to set aside the swearing of the jury and to continue the case, and they contend on this appeal that the court erred in overruling the motion. There is nothing to suggest that the weeping was staged or feigned, but

on the contrary it appears to have been a normal outbreak of emotion by an elderly man being compelled to relate the circumstances of a serious injury. In similar cases we have held there was no error in overruling a motion to discharge the jury. See Lally v. Cochran, 231 Ky. 211, 21 S.W. 2d 272; Walden v. Jones, 289 Ky. 395, 158 S.W.2d 609, 141 A.L.R. 105; Jefferson Dry Goods Co. v. Stoess, 304 Ky. 73, 199 S.W. 2d 994. See also Annotation, 57 A.L.R. 62. The giving of the admonition hereinafter mentioned, although it contained an improper reference to the defendants' motion, we think was sufficient action for the court to take concerning the emotional outburst.

■ The defendants' motion to set aside the swearing of the jury was made, and overruled, in chambers. But when the judge returned to the courtroom, and admonished the jury not to let the emotional conduct of the plaintiff in any way affect their verdict, he prefaced the admonition with the statement that the defendants had made in chambers, and he had overruled, a motion to set aside the swearing of the jury and to continue the case. It is contended that this was highly prejudicial. Beyond question, it was improper for the court to mention the motion made in chambers. The sole purpose in making such a motion out of the hearing of the jury is to avoid the possibility of creating an unfavorable impression in the minds of the jurors that counsel does not have confidence in their ability to try the case fairly. It was error for the court to mention the motion. But we are not prepared to say that the error was prejudicial under the circumstances of this case. In the first place, the verdict itself is not such as to give rise to the impression that prejudicial influences may have entered in. In the second place, the admonition, following mention of the motion, served to explain the reason for the motion and, in warning the jury not to be affected by the emotional

outburst, in effect informed the jury that there was some justifiable reason for the motion's having been made. We hold that the error was not prejudicial.

■ A final question concerns only the appellant Mrs. Robinson, who was the owner of the car. The only theory upon which she was claimed to be liable was that the family purpose doctrine applied. Doyle is a son-in-law of Mrs. Robinson, and he and his wife live in Cincinnati. At the time of the accident, Doyle and his wife were visiting Mrs. Robinson. Doyle's car required repairs, and was put in a garage for that purpose. Doyle borrowed Mrs. Robinson's car for the purpose of going to visit his sister, and it was on that trip that the accident occurred.

Under our decisions, four factors must be established in order to recover under the family purpose doctrine. One of these is that the vehicle was being used at the time of the accident by a person whom the owner was under a legal or moral obligation to support. Rice v. Blanchard, Ky., 310 S.W.2d 532; Taylor v. Rawls, Ky., 274 S.W.2d 50. Doyle clearly was not such a person, under the circumstances of this case, and it is even questionable whether he could be considered a member of the "family" as that term is used in the family purpose doctrine. Accordingly, we think the court erred in not sustaining Mrs. Robinson's motion for a directed verdict.

Mrs. Robinson did not move for judgment notwithstanding the verdict, so we can only direct a new trial. However, the judgment will stand as to Doyle, and the new trial will be limited to the question of the liability of Mrs. Robinson. If the evidence is the same upon another trial, the court will direct a verdict in favor of Mrs. Robinson.

As to the appellant Doyle the judgment is affirmed; as to the appellant Mrs. Robinson the judgment is reversed, for proceedings in conformity with this opinion.