Glenn Aaron FRIAR, Appellant,

v.

Tommie WEBB, Appellee.

Court of Appeals of Kentucky.

Oct. 1, 1965.

584

Wm. A. Watson, Watson & Watson, Middlesboro, for appellant.

William S. Tribell, Middlesboro, for appellee.

DAVIS, Commissioner.

This litigation arose from a two car collision on Kentucky Highway 74 at the outskirts of Middlesboro. Appellee, Tommie Webb, was a passenger in the automobile operated by her husband, Wesley Webb. Appellant was the driver and sole occupant of the other car. Each of the Webbs sued appellant, and there have been two trials of the case. At the first trial the jury's verdict awarded $445 to Wesley Webb for property damage (he made no claim for personal injury), and $831 to Tommie Webb for her asserted medical expenses incident to her personal injuries. The trial court granted Tommie Webb a new trial, limited to her claims for pain and suffering and the impairment of her earning power. Wesley Webb made no effort to obtain a new trial. On the second trial the jury awarded appellee $11,683.65, and judgment went accordingly. Appellant's motion for judgment n. o. v. or, alternatively, for a new trial, was overruled, and this appeal followed.

Appellant advances five bases for reversal: (1) The court erred in granting appellee a new trial after the first verdict; (2) the court erroneously permitted appellee to be recalled for redirect examination; (3) the instructions should not have permitted any finding for permanent injuries; (4) the jury verdict was void because not signed by all of the ten jurors agreeing to it; (5) the substantial rights of appellant were prejudiced by failure of the circuit clerk to call the names of the jurors when they returned the verdict into open court, and by failure of the trial judge to poll the jury.

The entire thrust of appellant's claim of error as to setting aside the first verdict is that the first verdict was proper. Appellant is mindful of, but seeks to distinguish our cases which have held that when the jury finds the defendant to be liable for hospital and medical expenses it must make an award for pain and suffering. Among these decisions are Vittitow v. Carpenter, Ky., 291 S.W.2d 34, and Wall v. Van Meter, 311 Ky. 198, 223 S.W. 2d 734, 20 A.L.R.2d 272. The asserted distinction which appellant urges is that in the case at bar the jury could have found (and according to appellant should have found) the claimed pain and suffering of appellee to be vaporous or nonexistent. The difficulty with the position is its inconsistency with the verdict. The first trial jury awarded appellee the full amount claimed for her medical expenses; it could have done so only upon its finding that the medical services were rendered in reasonably appropriate efforts to administer to the injuries of appellant. It will not do to say the jury believed it proper for appellee to incur the medical expenses for non-existent injuries. Ergo, the rationale of the cited cases is applicable, and the effort at distinguishing them fails. We have reviewed the motion for new trial filed after the first verdict and perceive no basis for appellant's assertion that it failed to conform to CR 59.01. Appellant does not claim that the question of liability should have been resubmitted.

The second point of error is also without merit. In a vivid argument, appellant charges that appellee was permitted to "tortuously" make her way to the witness stand while wearing a back brace—she had not worn such a brace at the first trial—after which she "slowly and deliberately" returned to her seat at counsel table. Then, to use appellant's florid prose: " * * * she was recalled to the stand, by

her attorney for the purpose of redirect examination. Once again Mrs. Webb proceeded to the stand, a gallant, chin-up effort. When she got there she was asked a few irrelevant questions and dismissed. Again, the long, halting, difficult trek back to her seat." In effort to show an abuse of the admitted discretion of the trial judge in such circumstances, appellant's brief continues: "However, when she creeps to the stand in her metal corset, displaying the agony of Christ with every step, we think the court clearly abused its discretion." Histrionics in the course of jury trials is not an innovation to our system of jurisprudence—some of the most eminent trial lawyers cherished by the profession have been able to capitalize on forensic powers and breadth of dramatic expression. Perhaps it may be said that the quoted language from appellant's brief reflects something of the tradition. However, courts are quick to denounce fakery or chicanery during trials. In the present case there is no basis for concluding that the physical condition of appellant was feigned—indeed, there is no charge that it was. Had she availed herself of her prerogative of walking in and out of the court room during recesses of court, or for other legitimate purposes, her physical condition would have been evident to the jury. Doubtless, intelligent jurors and alert trial judges are able to discern deliberate malingering efforts flaunted by litigants. There is no showing of anything of the sort here. Cf. Robinson v. Lunsford, Ky., 330 S.W.2d 423, 77 A.L.R.2d 1248, and the authorities cited therein. We find that the trial court exercised a proper discretion in overruling appellant's objection on the point at hand.

We think the trial court properly submitted the issue as to whether appellee had sustained permanent injuries as a result of the accident. Her doctor (an osteopathic physician and surgeon whose professional qualifications are not assailed) gave it as his opinion that appellant will have a "50% partial permanent disability." When her counsel asked what he meant by "permanent" he replied: "I think this particular trouble will continue to bother her permanently." The condition from which appellant will so suffer was described by the doctor as "traumatic or degenerative arthritis in the cervical and lumbar areas." We consider this evidence adequate to warrant the permanent injury instruction; it is not a mere possibility as treated in H. & S. Theatres Co. v. Hampton, 300 Ky. 677, 190 S.W.2d 39. See Slusher v. Miracle, Ky., 382 S.W.2d 867, and cases of like import collated in 7 Ky.Dig., Damages, ⊂⇒216(6).

Next, appellant asserts that the majority verdict (bearing the names of ten jurors) was not actually signed by ten of the jury members. The assertion rests on appellant's claim that the first four names of jurors as written on the verdict *appear* to have been written by the same hand. In support of this appellant has included in the record a photocopy of the signed verdict. No evidence of any kind is adduced to sustain the allegation that a single individual signed the first four names. Our nonexpert perusal of the exhibit indicates to our untrained eyes that the first four names *appear* to have been signed in the same ink and probably by the same pen, but we will not pose as examiners of questioned documents in such a case. Assuming, without deciding, that it would be a valid ground to attack the verdict that some one member had subscribed the names of three others, we think the bare minimum of orderly procedure imposes on appellant the affirmative duty of making *some* qualified showing that the names were so signed. Here, there is not a shred of evidence to that effect. Accordingly, the question is not available for review.

Finally, the appellant contends that a new trial must be granted because the circuit clerk did not call the names of the jurors when they returned the verdict into court, nor was inquiry made whether or not the reported verdict was the jury's verdict. KRS 29.235, 29.335. The short

answer to these contentions is that appellant made no request of the court to require the clerk to "call" the jury, nor was any request made that the jury be polled. It is not suggested that the verdict was spurious, or that the members of the jury failed to realize what the verdict was. They all returned into open court and heard the verdict read in their presence. In the complete absence of a showing of prejudice—or even a claim of it—we will not upset the judgment. CR 61.01.

The judgment is affirmed.