## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Clarence C. Morris

v.

Moses Robinson

October 19, 1966

Case No. A-8732

### By JUDGE A. CHRISTIAN COMPTON

You will find attached a copy of the order entered today which sets aside the verdict and judgment in this case and grants a new trial on all issues.

There were two questions for decision in view of the plaintiff's motion to set the judgment aside and to award a new trial to him upon the issue of damages only: (1) Was the verdict invalid as being either inadequate or contrary to instruction 2? (2) If the verdict was invalid, should a new trial be limited to the issue of damages only?

*The Verdict as Submitted by the Jury*

"We the jury, on the issues joined find for the Plaintiff, and assess the damage at $1527.00 as follows:

      50.00 ExRay
      77.00 Dr. Beath
      900.00 Auto Loss
      500.00 Time Loss from Work
Submitted by
      R. L. Anderson, Foreman"

## The Verdict was Invalid

The jury, by initially indicating in its verdict that it computed the amount of $1527.00 by adding the medical expenses, auto loss and lost time, has clearly demonstrated that it disregarded instruction No. 2 and found nothing for the bodily injuries sustained; nothing for the effect of such injuries upon the plaintiff's health; and nothing for physical pain and mental anguish. The decision would have been more difficult were it not for the fact that the jury specifically stated the manner in which they reached the amount awarded. This expression of the jury cannot be disregarded as surplusage, as the defendant contends.

No Virginia case precisely on the point has been found, however the clear weight of authority elsewhere holds such a verdict invalid where claim for pain and suffering was properly made and proven. *Schriewer v. Schworer*, 178 S.W.2d 598 (Ky. 1944); *Ashland Coca Cola Bottling Co. v. Brady*, 66 S.W.2d 57 (Ky. 1933); *Murrow v. Whiteley*, 244 P.2d 657 (Col. 1952); *Deschene v. McDonald*, 86 N.W. 2d 518 (N.D. 1957); *Levy v. Jabara*, 396 P.2d 339 (Kan. 1964); 20 ALR 2d 276.

The evidence showed conclusively that the plaintiff suffered an injury to his neck, back, and knee; that he experienced pain and soreness which soreness would "remain permanently," according to Dr. Beath; and that there was an aggravation of a pre-existing disability. It is clear that the jury has disregarded the instruction of the Court and the verdict and judgment must be set aside.

## A New Trial on All Issues Should Be Had

Some courts which have held such a verdict as this invalid have used the failure of the jury to follow the court's instructions as the ground of decision. Others have reasoned that the verdict was inadequate as shown by the jury's failure to consider all the proper elements of damage to which the plaintiff was entitled under the evidence. 20 ALR 2d 276.

While the court in this case does not base its decision on the inadequacy of the verdict but rather on the jury's obvious failure to follow the court's instruction, those Virginia cases upon the issue of inadequacy point

the way to the decision to grant a new trial on all issues, inasmuch as the practical effect of deciding that the verdict is invalid is the same regardless which ground for decision is used.

This case falls within class 5(c) as set out in Judge Epes's opinion in *Rawle v. McIlhenny*, 163 Va. 735, 749 (1934). It is stated in part, beginning at page 749 of the Virginia Reports, that in:

> 5. Cases of conflicting evidence, in which there is sufficient evidence to support a verdict in favor of either the plaintiff or the defendant, but in which there is no clear preponderance of the evidence in favor of either. . . .
>
> (c) where. . . the question as to the amount of damages is not distinctly separable from the matters involved in the issue as to liability, or the evidence with reference to liability has probably exerted a material influence upon the jury in determining the amount of the verdict, or the evidence warrants the inference that, instead of deciding the question of liability, the jury has arbitrarily determined to make both parties bear a part of the burden of the injury, or for some other reasons the ends of justice would seem to be better promoted by granting a new trial on all issues, where the court sets aside a verdict of this class, it should grant a new trial on all issues.

There was a serious factual question as to the plaintiff's contributory negligence to such a degree that it almost became a question of law, therefore the case does not fall within the class 4 or 5 (a) [or] (b) of *Rawle* as urged by the plaintiff. See also *Wright v. Estep*, 194 Va. 332 (1952); *Kirn v. Bembury*, 163 Va. 891 (1935); and 29 ALR 2d 1199.

For the reasons stated the verdict and judgment is set aside and a new trial granted on all issues.