**Juett D. STUCKER, Sr., Appellant,**

v.

**Raymond F. BIBBLE et al., Appellees.**

Court of Appeals of Kentucky.

March 21, 1969.

As Modified on Denial of Rehearing and Dissenting Opinion June 20, 1969.

William A. Young, Young & Williams, Frankfort, Robert S. Miller, Miller, Griffin & Marks, Lexington, for appellant.

Rudy Yessin, Smith, Reed, Yessin & Davis, Frankfort, for appellees.

DAVIS, Commissioner.

In a suit arising out of an automobile accident, Juett D. Stucker, plaintiff, obtained a verdict against Raymond F. Bibble and his wife, Doris L. Bibble, defendants, fixing an award of $825 on account of medical expenses plus $375 for damage to the plaintiff's automobile. In the same verdict the jury specified that it awarded nothing for physical pain and mental suffering, loss of earning power, or lost wages. The parties had stipulated that the medical expenses amounted to more than $1100 and that such an outlay was reasonable.

Appellant advances two bases for reversal: (1) A new trial should have been granted or at least a different verdict directed respecting the stipulated medical expenses; and (2) the verdict allowing recovery for medical expenses and denying recovery for pain and suffering is so inconsistent on its face as to require the granting of a new trial. We shall not undertake a separate discussion of these two grounds, because we have concluded that the appellant has not preserved either of them for appellate review.

The appellant has cited decisions such as Friar v. Webb, Ky., 394 S.W.2d 583, which stand for the general proposition that a jury may not consistently allow recovery for medical expenses and simultaneously deny recovery for the injuries which required those expenses. Appellees have retorted by citing and relying on Gibson v. Thomas, Ky., 307 S.W.2d 779, and Wright v. Jackson, Ky., 329 S.W.2d 560, as precluding appellant because he offered "if any" instructions on damages and invited the error. Appellant criticizes the rationale of the two latter cases but correctly, we

think, argues that they do not control the present litigation.

■ Appellant's dilemma arises from his failure to timely preserve the apparent error of the jury's inconsistent verdict. As lately as February 14, 1969, in Breathitt Funeral Home et al. v. Neace, Ky., 437 S. W.2d 490, we pointed out that when a deficiency or irregularity in a verdict is at once discernible upon the return of the verdict, any party adversely affected and desiring to invoke judicial relief must call the matter to the court's attention then and there and afford the trial judge the opportunity to have the jury reconsider its verdict and correct its findings. The failure to take such action at a time when the trial judge yet has the jury available is a waiver of the claimed error. In Breathitt Funeral Home, we quoted with approval from Smith v. Crenshaw, Ky., 344 S.W.2d 393, in which the same rule was fully explained and followed. The record before us fails to reveal that any remedial action as to the jury's verdict was sought by appellant while the jury remained in the courthouse. Indeed, the first time appellant called this matter to the attention of the court was in his motion for new trial filed January 20, 1968. It is not clear whether the motion was filed one or two days after the verdict, since the trial order in the record before us bears in its caption the date of January 19, 1968, whereas it is signed as of January 18, 1968. It is immaterial which of those dates is correct, because it is apparent that the error was called to the attention of the court too late.

What is here held is not inconsistent with the decision in Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272. In Wall, there was a general verdict in which the jury merely reported its verdict for the plaintiff in the sum of $98. Although the plaintiff had offered proof that his medical expenses were $98, there was no *stipulated* amount of such expenses. The jury could have concluded that some of the expenses were not reasonably necessary, although it is patent that the court consid-

ered the verdict to be for allowance of medical expenses only. In that circumstance it was not incumbent upon the plaintiff to present the claimed error to the trial court forthwith, since the verdict was not patently irregular on its face. The verdict at hand clearly reflected its irregularity on its face, and it was susceptible of remedial action had such action been requested of the court while the jury was at hand.

Smith v. Webber, Ky., 282 S.W.2d 346, appears to be more nearly apposite to the case at bar than Wall v. Van Meter, discussed above, since the verdict recited that the $500 awarded plaintiff was for "damage for hospital doctor." In Smith v. Webber, there is no discussion of whether plaintiff sought remedial action before the jury was discharged. To the extent that Smith v. Webber may be regarded as inconsistent with the present ruling, it is overruled.

■■■ The appellees have not relied on appellant's waiver of the claimed irregular verdict, and it might be suggested that appellees have in this court waived the appellant's waiver in the trial court. To the football devotee, the principle of "offsetting penalties" might occur. In that analogy the ball remains where it was anyway, so appellant makes no gain. More fundamentally, it is incumbent upon a litigant who seeks reversal of a trial court's judgment to demonstrate to the appellate court that the trial court has committed error prejudicial to the substantial rights of the litigant and that the litigant has properly preserved for appellate review the error or errors upon which he relies. In some instances, an appellate court may treat appellee's failure to rely on appellant's trial-court waiver as the appellee's waiver of the right to raise the question. This is done only in certain exceptional cases in which the appellate court feels impelled to do so by overriding principles of justice and policy. See 5 Am.Jur.2d, Appeal and Error, Section 545, pages 29–31, in which it is said:

"In order to avoid the delay and expense incident to appeals, reversals, and new trials upon grounds which might have been corrected in the trial court if the question had been properly raised there, the appellate courts have developed and applied the rule that they will normally only consider questions which were raised and reserved in the lower court and in some jurisdictions this principle has been embodied in statutes. The reported cases show numerous applications of the principle that waiver or estoppel to take advantage on appeal of a certain error in the court below may arise from unexcused silence or failure to take appropriate action below. The general rule that errors not raised below are waived has been applied even where the record on appeal contains evidence bearing on the matter in question. However, in most jurisdictions the rule that errors not raised below will not be considered on appeal is not based upon a lack of power in the reviewing court and there are a number of situations in which exceptions to the rule have been developed."

We adhere to the principles just recited.

The judgment is affirmed.

MONTGOMERY, C. J., and HILL, MILLIKEN, PALMORE, REED, and STEINFELD, JJ., concur.

OSBORNE, J., dissents.

OSBORNE, Judge (dissenting).

The majority opinion here holds that a verdict which shows upon its face that the jury did not follow the instructions of the court in awarding damages for physical pain and mental suffering, loss of earning power, and loss of wages, while at the same time making an award for medical expenses and damage to the automobile is so patently defective upon its face as to require the party who wishes to complain of the defect to immediately move that the jury be sent

back to its room in order to correct the verdict. This is contra to what we have said in Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272; Smith v. Webber, Ky., 282 S.W.2d 346 and Smith v. Crenshaw, Ky., 344 S.W.2d 393. In Smith v. Crenshaw, supra, we wrote:

"The cases of Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272, and Smith v. Webber, Ky., 282 S.W. 2d 346, sometimes have been cited as bearing on the question of what steps must be taken to correct a defective verdict. In each of those cases the verdict awarded damages for medical expenses but nothing for pain and suffering. It was held that the plaintiff was not required to move that the jury be sent back to correct the verdict. However, as pointed out in the decision in the Wall case, the situation there was not really one of an irregular verdict. Actually it was a simple case of inadequacy of damages."

When considering the majority opinion in this case, the rule now seems to be if the verdict is one where the special damages are itemized if the jury fails to award under any of itemized items then an immediate objection and request that the jury be sent back to its room must be made. However, if the verdict is a general one, even though it be obvious that the jury has awarded special damages under some of the items and failed to make an award under others, no motion to recommit the jury need be made and the error can be presented in motion and grounds for a new trial. To me this distinction is so obtuse as to be completely unrealistic. Opinions of this kind only serve to confuse and confound lawyers and judges who must try law suits on the trial level. It constitutes another booby trap for the lawyer in the trial of the case. If we are going to follow the rule that a motion should be made to recommit the jury where there is an inconsistency in the verdict it should be in all cases where there is an apparent inconsistency. The lawyer can then familiarize himself with the rule and be always forewarned of this possible pitfall in the trial of the case. It, in all probability, should be clearly stated in our rules of procedure so that all will be cognizant of it. Arbitrary rules of procedure which will completely cut off a litigant's rights to recovery should not be conceived and born in the fine lines of judicial opinions where only a few will be afforded an opportunity to forewarn themselves.

For the foregoing reasons, I respectfully dissent.