Benjamin WRIGHT, Jr., Appellant,

v.

HOUSE OF IMPORTS, INC.
d/b/a In Style, Appellee.

No. 2011–SC–000264–DG.

Supreme Court of Kentucky.

Sept. 20, 2012.

Kevin Crosby Burke, Damon Blake Willis, Ewing, McMillin, & Willis, PLLC, Louisville, KY, for Appellant.

Joseph D. Raine, Jr., Ferreri & Fogle, PLLC, Louisville, KY, for Appellee.

Opinion of the Court by Justice SCOTT.

A Jefferson Circuit Court jury awarded Appellant, Benjamin Wright, Jr., $120,863.75 in his simple negligence action against Appellee, House of Imports, after he fell down a set of stairs at the retailer's business establishment. The Court of Appeals reversed and remanded for a new trial, holding that the trial court committed palpable error in permitting expert testimony of building code violations without instructing the jury as to the applicability of the code. We accepted discretionary review and now reverse the Court of Appeals' judgment and reinstate that of the trial court.

## I. BACKGROUND

Wright visited House of Imports to buy a pair of shoes on August 31, 2007. He selected a pair and ascended three stairs to an elevated level of the store where the cash register was located. He paid for the shoes and proceeded to exit the building. As he placed his foot on the top step of the elevated level, he slipped and, fell down the stairs to the first level of the store, suffering serious injuries as a result.

Thereafter, Wright filed a common-law negligence cause of action against House of Imports alleging that the retailer negligently maintained its business premises in a dangerous and defective condition, causing him to fall and suffer personal injuries. The case was tried to a jury which, under Kentucky's comparative fault principles, assigned 25% of the fault to Wright and 75% of the fault to House of Imports. The jury further found that Wright suffered $75,000 in pain and suffering in addition to his $86,151.56 in medical expenses. Based on the jury's apportionment of fault, the trial court awarded Wright $120,863.67.

At trial, Wright introduced the expert testimony of engineer and board-certified safety professional John Schroering, who testified that the stairs at House of Imports violated several of the Kentucky Building Code's safety standards. Relying on our predecessor court's decision in *O'Connor & Raque Co. v. Bill,* 474 S.W.2d 344, 346 (Ky.1971), the Court of Appeals reversed, finding that the trial court's failure to instruct the jury on the applicability of the Code left the jury " 'to decide for itself what, if any, was its relevance and legal effect,' " (quoting *id.*), and constituted palpable error.

Additional facts will be provided where helpful to our analysis.

## II. ANALYSIS

The precise issue before us is whether a trial court errs when it admits expert testimony concerning building code violations

without instructing the jury as to the applicability of the code; and, if so, whether the trial court in this case committed *palpable* error in doing so. Under the palpable error standard, an unpreserved error may be noticed on appeal only if the error is "palpable" and "affects the substantial rights of a party," and even then relief is appropriate only "upon a determination that manifest injustice has resulted from the error." CR 61.02.

██ We pause first to explain why the palpable error standard applies to this case. Kentucky Rule of Civil Procedure (CR) 76.03(8) provides: "A party shall be limited on appeal to issues in the prehearing statement except that when good cause is shown the appellate court may permit additional issues to be submitted upon timely motion." We have previously stated that "the significance of this rule is that the Court of Appeals will not consider arguments to *reverse* a judgment that have not been raised in the prehearing statement or on timely motion." *Am. Gen. Home Equity, Inc. v. Kestel*, 253 S.W.3d 543, 549 (Ky.2008) (emphasis added). Thus, although a party *defending* a trial court's judgment need not raise an issue in a prehearing statement for the Court of Appeals to *affirm* on those grounds, *see id.*, the party *appealing* a trial court's judgment is limited to those issues identified by the prehearing statement,[1] *id.* However, the Court of Appeals retains the authority to reverse a trial court's judgment on an unpreserved issue if it finds palpable error therein. CR 61.02;[2] KRE 103.[3]

██ House of Imports' prehearing statement identifies only the following issues for appeal: "Whether the Defendant was entitled to a directed verdict on the issue of liability, or at the very least, an instruction that the Plaintiff was negligent as a matter of law." However, the Court of Appeals found House of Imports' arguments in support of these issues to be meritless. First, citing to *Lee v. Tucker*, 365 S.W.2d 849 (Ky.1963), it summarily concluded that House of Imports was not entitled to a directed verdict. Second, it found that Wright's testimony that he was not paying attention to the stairs at the time of his fall did not constitute a judicial admission, and therefore House of Imports was not entitled to an instruction that Wright was negligent as a matter of law.[4]

---

1. Unless, of course, the Court of Appeals finds good cause to grant an appellant leave to file a supplemental motion.

2. CR 61.02 states: "A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error."

3. KRE 103(a)(1) states: "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected; and . . . [i]f the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context."

KRE 103(e) provides: "A palpable error in applying the Kentucky Rules of Evidence which affects the substantial rights of a party may be considered by a trial court, on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error."

4. House of Imports has procedurally defaulted from arguing to this Court the issues it preserved for appeal in the court below—i.e., whether it was entitled to a directed verdict on the issue of liability, or, in the alternative, an instruction that Wright was negligent as a matter of law. The Court of Appeals determined that House of Imports was entitled to neither the directed verdict nor the instruction. A cross-motion for discretionary review

In spite of its failure to include the issue in its prehearing statement, House of Imports nevertheless briefed and argued the issue upon which the Court of Appeals ultimately reversed—whether the trial court committed palpable error in admitting Schroering's testimony concerning the building code without instructing the jury as to the applicability of the code. Because that issue was not identified in the prehearing statement, pursuant to CR 76.03(8), the Court of Appeals could not properly reverse on that issue absent a finding of palpable error, CR 61.02, which it so found.

 Turning to our analysis, we note first that this is a common-law negligence case—not a negligence per se case. A common law negligence claim requires proof of (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88–89 (Ky.2003) (*citing Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky.1992); *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky.App.2001)). The standard of care applicable to a common-law negligence action is that of ordinary care—that is, "such care as a reasonably prudent person would exercise under the circumstances." *Slusher v. Brown*, 323 S.W.2d 870, 872 (Ky. 1959).

 Negligence per se, on the other hand, " 'is . . . a negligence claim with a

statutory [or regulatory] standard of care substituted for the common law standard of care.' " *Real Estate Mktg., Inc. v. Franz*, 885 S.W.2d 921, 927 (Ky.1994) (citation omitted), *overruled on other grounds by Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 741 (Ky.2011). KRS 446.070 codifies the doctrine of negligence per se, and provides: "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

Because Wright brought a common-law negligence action against House of Imports, and *not* a negligence per se claim alleging statutory or regulatory violations, the testimony Schroering offered regarding the statutory duties imposed by the building code (and the alleged breaches of those duties) was irrelevant—that is, it did not "fit" a fact in issue. *See Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 578 (Ky.2000) (describing the relevancy of expert testimony to a particular fact in issue as one of "fit"). The trial court therefore erred in permitting Schroering to testify about alleged violations of the building code.

 We cannot, however, conclude that it rises to the level of "palpable" error. Although the Court of Appeals determined that the trial court erred in failing to instruct the jury as to the applicability of the building code, the allegedly fatal instructions *were tendered by House of*

is required "when the Court of Appeals' judgment—its *result*—somehow wrongs the appellee in this Court, even if only in part." *Fischer v. Fischer*, 348 S.W.3d 582, 595 (Ky.2011). For example, an appellee is required to file a cross-motion for discretionary review "when the judgment fails to give the cross-appellant all the relief he has demanded. . . ." *Id.* at 597 (citing *Brown v. Barkley*, 628 S.W.2d 616, 618 (Ky.1982)).

Given that the Court of Appeals' judgment failed to give House of Imports *any* of the relief it has demanded—e.g., either (1) a reversal with instructions to enter a directed verdict for it, or (2) an instruction that Wright was negligent as a matter of law—it is clear to us that House of Imports was required to file a cross-motion for discretionary review in order for this Court to consider whether it is so entitled. *See id.*

*Imports.*[5] When a trial court adopts a party's proposed jury instructions, that party cannot be heard to complain that its "substantial rights" have been affected by said instructions, nor that a "manifest injustice has resulted from the error." CR 61.02. This has been the law of this Commonwealth for decades. *See Chesapeake & Ohio Ry. Co. v. Boren,* 202 Ky. 348, 259 S.W. 711, 714 (1924).[6] *See also Gibson v. Thomas,* 307 S.W.2d 779, 780 (Ky.1957) (finding error in interrogatories accompanying jury instructions not to be grounds for reversal because affected party proposed the instructions and interrogatories); *Wright v. Jackson,* 329 S.W.2d 560, 561–62 (Ky.1959) (same).

### III. CONCLUSION

In conclusion, we find no palpable error in the trial court's decision to admit expert testimony of building code violations without a concomitant jury instruction as to the applicability of the code. We therefore reverse the judgment of the Court of Appeals and reinstate that of the trial court.

All sitting. MINTON, C.J.; CUNNINGHAM, NOBLE, SCHRODER, and VENTERS, JJ., concur.
SCHRODER, J., also concurs by separate opinion. ABRAMSON, J., concurs in result only.

SCHRODER, J., Concurring:

I agree with the majority that this is a common law negligence action, and not a negligence claim based on a statutory or regulatory standard of care. *If* the claim had been based on the state building code, it would fail because *building* codes are

---

5. House of Imports proposed the following jury instructions:

> It was the duty of House of Imports and its employees to exercise ordinary care to maintain the store premises in a reasonably safe condition for the use of its business invitees, including Benjamin Wright. You will find for Benjamin Wright if you are satisfied from the evidence that the Defendant and its employees failed to exercise ordinary care, as defined elsewhere in these instructions, to keep the store premises in a reasonably safe condition for the use of business invitees.
>
> Otherwise, you will find for House of Imports.

The actual instructions given to the jury stated:

> It was the duty of Defendant, House of Imports d/b/a/ In Style and its employees to exercise ordinary care to maintain the store premises in a reasonably safe condition for the use of its business invitees including Plaintiff, Benjamin Wright, Jr. You will find for Plaintiff, Benjamin Wright, Jr., if you are satisfied from the evidence that the Defendant, House of Imports d/b/a/ In Style, and its employees failed to exercise ordinary care to keep the store premises in a reasonably safe condition for the use of business invitees.

> Otherwise, you will find for Defendant, House of Imports d/b/a/ In Style.

6. In *Boren,* a jury found a railroad company negligent in failing to keep a proper lookout at an intersection. The company later argued on appeal that such a finding was not authorized by the pleadings. The Court rejected this argument, reasoning that "even if the submission to the jury of the failure of those in charge of the engine to keep a proper lookout ... was not authorized by the pleadings, the defendant having offered an instruction embracing this issue, cannot now complain on appeal of the action of the court in so instructing the jury." *Id.*

Although the reverse happened in this case—i.e., House of Imports now complains that something should have been *included in* the jury instructions, whereas in *Boren* the railroad company complained that something should have been *excluded from* the jury instructions—the same principle applies. As we have stated on numerous occasions involving similar issues, a party cannot "feed one can of worms to the trial judge and another to the appellate court." *Kennedy v. Commonwealth,* 544 S.W.2d 219, 222 (Ky.1976), *overruled on other grounds by Wilburn v. Commonwealth,* 312 S.W.3d 321 (Ky.2010).

not retroactive. They apply to new construction or remodeling only. Existing buildings and structures are subject to *housing* codes or *property maintenance* codes if adopted by the local city or county government. There was no *need* to give an instruction on violation of current or past *building* codes. Also, in this case there was no evidence of the *building* code in effect at the time the building was constructed, nor the *property maintenance* code at the time of the fall.