RENDERED: FEBRUARY 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1153-WC

KENDALL HENRY                                                                APPELLANT

PETITION FOR REVIEW OF A DECISION
v.          OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-19-54871

PASCHALL TRUCK LINES INC.;
HONORABLE JONATHAN
WEATHERBY, ADMINISTRATIVE
LAW JUDGE; AND THE WORKERS'          APPELLEES
COMPENSATION BOARD

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, EASTON, AND JONES, JUDGES.

JONES, JUDGE: Acting without the assistance of counsel, the Appellant, Kendall

Henry, seeks review of the August 29, 2022, opinion of the Workers'

Compensation Board ("Board"). Having reviewed the record and being otherwise

sufficiently advised, we affirm.

# I. BACKGROUND

On or about July 6, 2020, Henry filed a Form 101 application for resolution of an injury claim with the Kentucky Department of Workers' Claims ("Department") alleging that he sustained a work-related injury to his right shoulder on October 31, 2019, while working as a long-haul truck driver for Paschall Truck Line, Inc. ("Paschall") (hereinafter referred to as "Claim No. 2019-54871"). Henry alleged that the injury occurred in Middletown, New York, where he was delivering a load for Paschall. He explained that he was lowering the gear on his trailer when he felt a pop near his right shoulder. Henry immediately felt intense pain radiating up through his neck and into his head.

Henry laid down in his truck for a while, but the pain only worsened. Fearing he might be having a stroke, Henry called an Uber to take him to the nearest emergency room ("ER"). According to the hospital's records, Henry told medical personnel at the ER that he had been experiencing symptoms for approximately two days prior to seeking treatment. During the final hearing of this matter, Henry denied that he ever made such a statement to the ER personnel. He indicated that he might have told ER personnel that the injury occurred about *two in the afternoon*, but he definitely did not state that he had been having symptoms for *two days*. After ER personnel ruled out a cardiovascular event, Henry was treated with pain medication and released later that same day.

Henry then drove his truck back to his home in Tennessee. Still experiencing pain, Henry again sought medical care. He was eventually referred to an orthopedist who diagnosed a right shoulder tear. Henry underwent right shoulder surgery.

While Claim No. 2019-54871 was pending before an Administrative Law Judge ("ALJ"), Henry filed a second injury claim with the Department (hereinafter referred to as "Claim No. 2020-01320"). In his second claim, Henry alleged that he injured his left shoulder and neck while making a delivery for Paschall in Topeka, Kansas, on May 30, 2020. Henry explained that he was trying to manually release the fifth wheel pin, which had become stuck preventing him from dropping his load, when he felt a pain in his left shoulder that knocked him to the ground. Henry treated with a variety of providers for his left shoulder injury. Although surgery was recommended by Dr. Frank Burke, Henry had not yet undergone left shoulder surgery at the time of the final hearing.

By order dated October 16, 2020, the two claims were consolidated to the extent they were assigned to the same ALJ for a combined hearing. As related to Claim No. 2019-54871, Paschall relied on the ER records that contradicted Henry's version of events and Dr. Robert A. Jacob's December 9, 2020 independent medical evaluation ("IME"). Dr. Jacob opined, in part, as follows regarding the alleged October 31, 2019, right shoulder injury: "I do not believe he

-3-

sustained a harmful change to the human organism as a result of his 10/31/2019 injury. I do not believe that the condition for which he was treated for the right shoulder was related to his work activities." As related to the left shoulder, Dr. Jacob concluded that Henry had sustained a work-related injury as alleged, but he believed Henry's complaints of pain and limitations were exaggerated. Dr. Jacob disagreed that Henry needed surgery, opined that Henry was at maximum medical improvement ("MMI"), and assessed a 3% impairment rating for the left shoulder condition.

Paschall also filed the July 14, 2021, report of Dr. Ronald Burgess. Dr. Burgess also did not believe the right shoulder injury was caused by any of Henry's work activities. As for the alleged left shoulder injury, Dr. Burgess's report states: "within medical probability, there was no acute change to [Henry's] left shoulder as a result of the reported injury on 05/30/20." He also did not agree that Henry needed left shoulder surgery.

Following a final evidentiary hearing, the ALJ rendered an opinion and order dismissing both claims on October 24, 2021. With respect to Claim No. 2019-54871, the ALJ determined that Henry had "failed to satisfy his burden to establish the occurrence of a work-related harmful change to the human organism." To this end, the ALJ specifically indicated that he was relying on Dr. Jacob's report. The ALJ also noted that Henry's ER records from October 31, 2019, failed

to reference a shoulder injury, and instead only indicated a throbbing headache and right-sided neck tightness of two days' duration, which placed Henry's credibility in question. With respect to Claim No. 2020-01320, the ALJ, again relying on Dr. Jacob, concluded Henry "did not suffer a harmful change to the human organism due to a work-related injury."

Henry appealed the ALJ's dismissals to the Board. By its opinion entered August 29, 2022, the Board affirmed the ALJ's dismissal of Claim No. 2019-54871, but vacated and remanded the dismissal of Claim No. 2020-01320. The Board's opinion states in relevant part:

> In dismissing Henry's claim for an alleged work-related right shoulder injury occurring on October 31, 2019, the ALJ relied upon Dr. Jacob's opinions as set forth in the December 9, 2020, report. The language Dr. Jacob uses regarding Henry's alleged work-related right shoulder injury is unequivocal – "I do not believe he sustained a harmful change to the human organism as a result of his 10/31/2019 injury. I do not believe that the condition for which he was treated for the right shoulder was related to his work activities." Even though there is medical evidence in the record supporting Henry's claim for an alleged work-related right shoulder injury, the ALJ is not obligated to rely upon this evidence. . . . Since Dr. Jacob's opinions, set forth in his December 9, 2020, report, regarding Henry's alleged work-related October 31, 2019, right shoulder injury support the ALJ's findings and dismissal of his claim for this alleged injury, we must affirm.

> The ALJ also relied upon Dr. Jacob's opinions as support for the dismissal of Henry's claim for the alleged work-related May 30, 2020, left shoulder injury. In the

October 25, 2021, Opinion and Order, the ALJ concluded Dr. Jacob "found that the Plaintiff did not suffer a harmful change to the human organism due to a work-related injury." However, in his December 9, 2020, report, Dr. Jacob, in pertinent part, stated as follows: "In reference to his left shoulder, he sustained a work-related injury on 05/30/2020 where he alleged [sic] felt a pop in the shoulder with associated pain." Importantly, at no point in his report does Dr. Jacob retreat from his opinion that Henry sustained a work-related injury to his left shoulder. Dr. Jacob's subsequent language referencing a "near normal MRI" and "findings [that] were exceedingly minimal" lend support to a finding of a left shoulder injury. Consequently, we vacate the ALJ's dismissal of Henry's claim for an alleged May 30, 2020, work-related left shoulder injury and remand for additional findings.

On remand, the ALJ cannot rely upon Dr. Jacob's opinions in support of a dismissal of Henry's alleged left shoulder injury claim. If the ALJ is unable to identify any evidence supporting dismissal, he must conclude Henry sustained a work-related left shoulder injury on May 30, 2020, and enter an appropriate award.

(Record ("R.") at 926-27). This appeal followed.

## II. STANDARD OF REVIEW

Pursuant to KRS 342.285, the ALJ is the sole finder of fact in workers' compensation claims. Our courts have construed this authority to mean the ALJ has the sole discretion to determine the quality, character, weight, credibility and substance of the evidence and to draw reasonable inferences from that evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985); *McCloud v. Beth-Elkhorn Corp.*, 514 S.W.2d 46, 47 (Ky. 1974). Moreover,

-6-

an ALJ has sole discretion to decide whom and what to believe and may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof. *Caudill v. Maloney's Discount Stores*, 560 S.W.2d 15, 16 (Ky. 1977). On review, neither the Board nor the appellate court can substitute its judgment for that of the ALJ as to the weight of evidence on questions of fact. *Shields v. Pittsburgh & Midway Coal Mining Co.*, 634 S.W.2d 440, 441 (Ky. App. 1982).

If the fact finder finds in favor of the person having the burden of proof, the burden on appeal is only to show that there was some substantial evidence to support the decision. *See Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986). However, if the ALJ finds against the party having the burden of proof, the appellant must "show that the ALJ misapplied the law or that the evidence in [his] favor was so overwhelming that it compelled a favorable finding." *Gray v. Trimmaster*, 173 S.W.3d 236, 241 (Ky. 2005).

On appeal, our role "is to correct the Board only where . . . the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *ViWin Tech Windows & Doors, Inc. v. Ivey*, 621 S.W.3d 153, 157 (Ky. 2021) (quoting *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992)).

### III. ANALYSIS

On appeal, Henry argues that the Board erred in affirming the ALJ's dismissal of his right shoulder injury. He asserts that multiple pieces of evidence in his claim file support his version of the events, and that the ALJ did not appropriately examine and consider all the evidence.

Henry, as the claimant, had the burden of proving every element of his claim, including that his right shoulder was injured in the course and scope of his employment. *Williams v. White Castle Systems, Inc.*, 173 S.W.3d 231, 235 (Ky. 2005). Because the ALJ found against Henry on this issue, and because he carried the burden of proof, Henry must establish on appeal "that the unfavorable finding was clearly erroneous because overwhelming evidence compelled a favorable finding, *i.e.*, that no reasonable person could have failed to be persuaded by the favorable evidence." *Kroger v. Ligon*, 338 S.W.3d 269, 273 (Ky. 2011) (citation omitted); *Wilkerson v. Kimball Int'l, Inc.*, 585 S.W.3d 231, 236 (Ky. 2019). "Evidence that would have supported but not compelled a different decision is an inadequate basis for reversal on appeal." *Gaines Gentry Thoroughbreds/Fayette Farms v. Mandujano*, 366 S.W.3d 456, 461 (Ky. 2012) (citation omitted).

Thus, while Henry is correct that there is evidence in his claim file that supports his version of events, this is not sufficient to support reversal because the evidence as a whole does not compel a decision in Henry's favor. As noted by

the ALJ, Henry's ER intake records are inconsistent with the allegations in his Form 101 and with his testimony. Additionally, Dr. Jacob determined that the injury could not have been produced in the way described by Henry. This evidence supports the ALJ's dismissal. Neither this Court nor the Board have the authority to set aside an ALJ's opinion that is properly supported by the evidence.

In its appellate brief, Paschall urges us to reverse the Board's decision with respect to Claim No. 2020-01320. We decline to take up any issues related to this claim. Henry's appeal did not include any arguments regarding Claim No. 2020-01320, which the Board decided in his favor. If Paschall wished any such issues to be considered by this Court, it was incumbent upon it to file a cross-petition pursuant to RAP[1] 49(H).[2] By not having done so, Paschall has forfeited the opportunity to present any argument to this Court on that issue and is bound by the Board's adverse decision with respect to Claim No. 2020-10320. *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 212, n.4 (Ky. 2012).

## IV. CONCLUSION

For the reasons set forth above, we affirm the August 29, 2022, opinion of the Workers' Compensation Board.

---

[1] Kentucky Rules of Appellate Procedure.

[2] For the sake of clarity, we note here that RAP 49(H) is the current rule addressing cross-petitions in workers' compensation claims. At the time the parties in this case sought review, the appropriate rule governing such cross-petitions was Kentucky Rule of Civil Procedure ("CR") 76.25(9). The change in codification of the rule does not alter our analysis.

ALL CONCUR.


BRIEF FOR APPELLANT:

Kendall Henry, *pro se*
Columbia, South Carolina

BRIEF FOR APPELLEE PASCHALL
TRUCK LINES INC.:

Sharlott K. Higdon
Paducah, Kentucky