RENDERED: MARCH 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0468-MR

JOHN E. WOOLUM                                                    APPELLANT


APPEAL FROM BOONE CIRCUIT COURT
v.        HONORABLE JAMES R. SCHRAND, II, JUDGE
ACTION NO. 19-CI-01348


LIFT TRANSPORT, LLC AND
ANTHONY RIVERA, JR.                                              APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND ECKERLE,
JUDGES.

THOMPSON, CHIEF JUDGE: John E. Woolum ("Appellant") appeals from an

order of the Boone Circuit Court entered on January 7, 2022, granting summary

judgment in favor of Lift Transport, LLC and Anthony Rivera, Jr. ("Appellants"),

and from an order denying his Kentucky Rules of Civil Procedure ("CR") 59.05

motion to vacate the January 7, 2022 order. Appellant argues that the circuit court

erred in failing to hear expert testimony before granting summary judgment, and that genuine issues of material fact exist which preclude summary judgment. He argues in the alternative that the circuit court improperly denied his motion to vacate the order granting summary judgment. After careful review, we find no error and affirm the order of summary judgment on appeal.[1]

## FACTS AND PROCEDURAL HISTORY

On July 19, 2019, Appellant was operating a motorcycle in the right, southbound lane of a divided four-lane highway in Florence, Kentucky. A passenger vehicle operated by Geraldo Gonzales was some distance ahead in the lane to the immediate left of the motorcycle. Gonzales' vehicle moved into the right lane occupied by Appellant. At about the same time, a vehicle in front of Gonzales slowed to make a right turn. This caused Gonzales to decelerate quickly to avoid the vehicle in front of him, which in turn caused Appellant to brake hard. Believing that he would be unable to stop before running into the back of Gonzales's vehicle, Appellant laid his motorcycle on its side and fell to the driving surface.

After falling onto the pavement, Appellant's body partially crossed over the line dividing the right and left lanes. A commercial vehicle, consisting of a 2018 Dodge Ram 2500 truck pulling a 35' flatbed trailer, was in the left lane near

---

[1] As addressed below, the order denying CR 59.05 relief is not final and appealable.

the incident. It was owned by Lift Transport, LLC and operated by employee Anthony Rivera, Jr. In an attempt to avoid Appellant's body, which was partially in the left lane, Rivera quickly steered to the left. A police report would later state, and Appellant would so testify, that the trailer of Appellees' vehicle ran over Appellant's left arm resulting in serious injuries.

On October 2, 2019, Appellant filed the instant personal injury action against Gonzales and Appellees in Boone Circuit Court. Appellant alleged that Rivera, as a commercial driver, was negligent in the operation of his vehicle which proximately resulted in Appellant's injuries. He further asserted that Lift Transport, LLC, was negligent in hiring Rivera. Gonzales could not be located and was not served with the complaint.

The matter proceeded in Boone Circuit Court and discovery commenced. On October 21, 2021, Appellees filed a motion for summary judgment. In support of the motion, Appellees argued that Appellant failed to establish a *prima facie* case of negligence, and could not prevail if the matter proceeded to trial. Appellant responded that he had retained liability experts and was prepared to comply with the January 3, 2022 disclosure deadline. He asserted that there were issues of fact for the jury to consider and that Appellant's arm would not have been injured had Rivera been operating his vehicle in conformity with regulations governing the operation of commercial vehicles.

-3-

On January 3, 2022, and while the summary judgment motion was pending, Appellant filed notice with the circuit court that he had disclosed expert witness reports to the Appellees on the issue of Appellees' liability. In particular, expert witness Neil Gilreath opined that Rivera negligently adjusted the brakes on his trailer and was following Gonzales too closely which resulted in his failure to avoid Appellant.

On January 7, 2022, the circuit court rendered an order granting Appellees' motion for summary judgment. The court determined that while Appellees owed a duty to Appellant, there was no genuine issue of material fact and Appellant could not demonstrate a breach of that duty nor causation. Appellant's subsequent motion to vacate the order was denied, and this appeal followed.

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky.

1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id*. "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Boone Circuit Court committed reversible error in granting Appellees' motion for summary judgment. He asserts that the circuit court improperly failed to consider the potential need for expert testimony at trial, and did not give him the opportunity to present this testimony. Appellant contends that Rivera owed him a duty of care, that a question of fact remains as to whether Rivera breached that duty, and whether the breach resulted in the injury. Appellant directs our attention to Rivera's deposition testimony, in which Rivera acknowledged that he has a commercial driver's license ("CDL"), that he was bound by federal regulations and the CDL manual, and that if he did not follow those rules it would increase the chance of an innocent person being injured.

Appellant argues that Rivera had a duty to stay up to 100 yards behind the vehicle in front of him. He further asserts that Rivera gave conflicting statements as to whether he was a short distance behind Gonzales, whether Rivera's lane was empty in front of him, and/or whether Appellant fell in front of or beside Rivera's vehicle. The substance of Appellant's argument is his contention that issues of fact remain for adjudication, and that these facts affect the application of Rivera's duty to Appellant. In the alternative, Appellant argues that the circuit court erred in denying his motion to vacate the summary judgment. He seeks an opinion reversing the summary judgment and remanding the matter for further proceedings.

In order to prevail on a claim of negligence, the plaintiff must prove that 1) the defendant had a duty to the plaintiff; 2) the defendant breached the duty; and 3) the breach proximately caused plaintiff's injury. *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012). This duty is "ordinary care," which is what a reasonably prudent person would do under the same or similar circumstances. *Id.* Further, an operator of a motor vehicle "shall operate the vehicle in a careful manner, with regard for the safety and convenience of pedestrians and other vehicles upon the highway." Kentucky Revised Statutes ("KRS") 189.290(1). Appellant acknowledges that Rivera had a duty of ordinary

care, and does not cite authority for any heightened duty based on Rivera's status of CDL operator nor of being a person with special knowledge, skill, or expertise.

The primary question for our consideration, then, is whether the Boone Circuit Court correctly determined that Appellant failed to raise any genuine issue of material fact relating to the duty owed by Rivera, and whether Rivera breached that duty proximately resulting in Appellant's injury. In support of this conclusion, the circuit court noted the undisputed fact that Gonzalez's vehicle pulled into Appellant's lane and immediately braked abruptly, causing Appellant to fall off his motorcycle in an attempt to avoid Gonzalez's vehicle. This, the court found, was the cause of the accident. Rivera was in a different lane, and did not cause Gonzalez to "cut off" Appellant, nor did Rivera cause Appellant to fall off of his motorcycle. No testimony was adduced in discovery that Rivera was in any way responsible for the operation of Gonzalez's vehicle, Appellant's response to Gonzalez braking, nor Appellant's body landing partially in the left lane.

In support of the order of summary judgment, the circuit court also found that Appellant provided no affirmative proof that Rivera was speeding, impaired by intoxicants or fatigue, nor was he operating his vehicle in an uncareful manner per KRS 189.290(1) at the time of the accident. It found that Appellant could provide no affirmative proof that Rivera maneuvered his vehicle in a way

that breached his duty of care to Appellant, nor how any action taken by Rivera caused the accident. The court determined that though the tires on Rivera's trailer caused Appellant's injury, no evidence could be adduced at trial that Rivera caused Appellant's arm to be in the left lane.

As part of this argument, Appellant also argues that Lift Transport, LLC ("Lift") was negligent in hiring or supervising Rivera; that it failed to obtain Rivera's medical examination certificate and safety employment history; that Rivera had previously tested positive for cocaine and was not cleared for duty until June 29, 2019; and, that Rivera had improperly manipulated his logbook. We agree with the circuit court that these claims, even when taken in a light most favorable to Appellant for purposes of the summary judgment motion, do not bolster Appellant's burden of proving that Rivera breached a duty proximately resulting in Appellant's injury. Again, no evidence was adduced that Rivera was impaired, speeding, or in any way responsible for the operation of Gonzalez's vehicle or Appellant's crash.

Per *Scifres*, *supra*, and having closely examined the record and the law, we conclude that the circuit court correctly found that there were no genuine issues as to any material fact, and that Appellees were entitled to judgment as a matter of law. Though it is uncontested that Rivera owed a duty of ordinary care to the general public, and was statutorily required to operate his vehicle in a careful

manner, no genuine issues of material fact remained for adjudication on the issues of whether Rivera breached his duty to Appellant proximately resulting in Appellant's injury. The circuit court correctly so concluded, and we find no error.

Appellant also argues that the circuit court improperly failed to conclude that expert opinion testimony created a genuine issue of material fact on the claim that Appellees were negligent and contributed to the accident at issue. Specifically, Appellant directs our attention to the report of accident reconstruction expert Neil Gilreath, who opined in his November 18, 2021 report that Rivera's improper knowledge of brake adjustments on his empty trailer adversely affected his ability to control the trailer. Gilreath was also of the opinion that Rivera was following Gonzales too closely which resulted in Rivera's failure to avoid Appellant. Appellant argues that this testimony raises genuine issues of fact on the issues of breach of duty and causation.

The circuit court determined that there was no causal link between Rivera's alleged breach of duty as opined in expert witness reports and Appellant's injury. We agree. Even when viewed in a light most favorable to Appellant, Rivera's alleged breach of duty, if any, did not cause Gonzales to pull in front of Appellant and brake quickly, nor cause Appellant to fall off his motorcycle and slide on the pavement into Rivera's lane. If anything, Rivera's quick action may have saved Appellant's life, as Rivera stated that he would have run over

Appellant's head had Rivera not swerved to the left when he saw Appellant's body partially in the left lane. We agree with the circuit court that the proffered expert testimony does not support a *prima facie* case of negligence sufficient to overcome Appellees' motion for summary judgment.

Lastly, Appellant argues in the alternative that the Boone Circuit Court erred in failing to grant Appellant's CR 59.05 motion to vacate the summary judgment. An order denying a CR 59.05 motion, however, is "interlocutory, *i.e.*, non-final and non-appealable and cannot be made so by including the finality recitation[.]" *Tax Ease Lien Investments 1, LLC v. Brown*, 340 S.W.3d 99, 103 (Ky. App. 2011). Though the Boone Circuit Court's order denying CR 59.05 relief included a finality recitation, per *Brown* it is nevertheless non-final and non-appealable.

## CONCLUSION

The Boone Circuit Court correctly found that there were no genuine issues as to any material fact, and that Appellees were entitled to judgment as a matter of law. *Scifres, supra.* Accordingly, we find no error and affirm the Boone Circuit Court's order granting summary judgment.


ECKERLE, JUDGE, CONCURS.

CETRULO, JUDGE, CONCURS IN RESULT ONLY.

-10-

BRIEFS FOR APPELLANT:

James Ryan Turner
Florence, Kentucky

BRIEF FOR APPELLEES:

John G. McNeill
Justin T. Baxter
Lexington, Kentucky